IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN D. HOLDER,

    Plaintiff,

vs.

OLIN CORPORATION,

    Defendant.

Case No. 13-cv-1236-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Olin Corporation's Motion for Summary Judgment (Doc. 26). For the following reasons, the Court grants Defendant's Motion for Summary Judgment.

The case before the Court alleges retaliation. Plaintiff worked for Olin at its Winchester division in East Alton, Illinois from November 2005 until his discharge on October 21, 2011. (Doc. 26, Ex. 1). Plaintiff held multiple positions during his employment with Olin and last worked for Olin as a forklift driver.

The undisputed facts, when taken in the light most favorable to Plaintiff, show that on October 11, 2011, Plaintiff injured his back. (Doc. 27, 3)). Plaintiff reported his injury to Olin, and Olin sent him to its medical department. (Doc. 27, 3). The medical department examined Plaintiff and advised him to rest and to return to the medical department the next day to be reevaluated. (Doc. 27, 4); (Doc. 26, Ex. 1). On October 12, 2011, Plaintiff returned to Olin's medical department where it was observed that his condition had not improved. (Doc. 26, Ex. 1). The medical department advised Plaintiff that he should see his personal medical doctor about his back pain. (Doc. 27, 5); (Doc. 26, Ex. 1). Plaintiff then requested to go home and the medical department granted his request. (Doc. 26, Ex. 1).

Plaintiff left Olin and saw his personal doctor the same day. Plaintiff's personal doctor provided him with an off-work note that stated Plaintiff was "unable to return to work from 10/12/11 to further notice." (Doc. 27, 8). Plaintiff asked his doctor to fax the off-work note to his temporary supervisor, Mr. Piel, and Plaintiff contacted Mr. Piel shortly thereafter to confirm that he received the doctor's facsimile. Mr. Piel is the only individual from Olin to which Plaintiff spoke concerning his absences. Olin's Human Resources Department never received the off-work note from Plaintiff's physician. (Doc. 26, Ex. 1). Plaintiff did not request leave paperwork from the Human Resources Department or submit any documents to them related to his injury. (Doc. 26, Ex. 1).

Plaintiff was scheduled to work on Thursday, October 13, 2011, Friday, October 14, 2011 and Monday, October 17, 2011, but he did not report to work on any of those days. (Doc. 26, Ex. 1). Plaintiff also did not call in, pursuant to the Program and Olin's Call off Procedure[1], to report that he was going to be absent on any of those days. (Doc. 26, Ex. 1). Kathleen Richmond, Olin's Director of Labor Relations, learned of Plaintiff's consecutive absences and that he had not called in to report those absences as required by the attendance policies. (Doc. 26, Ex. 4). Based on this information, Ms. Richmond decided to discharge Plaintiff pursuant to his violation of Olin's General Plant Rule 1-3. (Doc. 26, Ex. 4). When Ms. Richmond made the decision to discharge

---

[1] The procedure provides that employees who are absent from work are required to report their absence each day unless they are on an approved leave of absence. (Doc. 26, Ex. 1). The Program explains:

"Also, when you are absent, you must report your absence each day, unless you are on an approved leave of absence. An approved leave of absence means that 1) you have submitted the proper documentation to the Company and 2) you have received written notification that your leave has been approved. Failure to do so will result in disciplinary action up to and including discharge."

(Doc. 26, Ex. 1). Olin posts physical copies of the General Plant Rules and Attendance Control program in common areas throughout the East Alton facility, and they were posted during the time Plaintiff failed to report his absences. (Doc. 26, Ex. 1). Olin's employees not on an approved leave are to report daily absences using Olin's Call off Procedure, which provides instructions on how to call in and report the absence. (Doc. 26, Ex. 1).

Plaintiff, she had no knowledge about Plaintiff's absences other than Plaintiff had missed three consecutive working days and that he did not call in to report any of those absences. (Doc. 26, Ex. 4). Ms. Richmond did not know the reason for Plaintiffs absences or that Plaintiff had any alleged injury. (Doc. 26, Ex. 4). Nor did Ms. Richmond have any knowledge of Plaintiffs previous workers compensation claims. (Doc. 26, Ex. 4). Subsequent to her decision to discharge Plaintiff, Ms. Richmond instructed Kim Murphy, Olin's Supervisor, Employment and Benefits, to issue a letter to Plaintiff informing him that Olin was discharging him for failing to report off for three consecutive working days in violation of General Plant Rule 1-3. (Doc. 26, Ex. 4).

On October 24, 2011, Ms. Richmond communicated with Plaintiff by telephone. (Doc. 26, Ex. 4). During the conversation, Ms. Richmond explained to Plaintiff that he had been discharged for a three-day no report and that his actions violated Olin's policies because he was gone for seven days and never called off and never requested leave paperwork. (Doc. 26, Ex. 4). Plaintiff replied, "Oh Shit." (Doc. 26, Ex. 4).[2] Subsequently, Plaintiff brought this action claiming that he was terminated in retaliation for incurring a potential Illinois Workers' Compensation claim through being injured at work.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that

---

[2] Plaintiff included as an exhibit to his response an unsworn statement from Mr. Piel. However, the declaration is inadmissible. See *Hann v. Paul Revere Life Ins. Co.*, 2008 WL 3286977, at *3 n. 2 (N.D.Ill. Aug. 8, 2008) (citing *Gilty v. Village of Oak Park*, 919 F.2d 1247, 1255 n. 13 (7th Cir. 1990) (explaining that statements that are "neither notarized nor made under penalty of perjury [do] not comply with Rule 56(e) . . . . As such, we can simply ignore them")). Accordingly, the Court has not considered any part of the unsworn statement in recounting the facts from the evidence on record.

party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986);  *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008);  *Spath*, 211 F.3d at 396.

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).  A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

In order for a plaintiff to prevail on an IWCA retaliatory discharge claim, he must prove "(1) that he was an employee before the injury; (2) that he exercised a right granted by the [IWCA]; and (3) that he was discharged and that the discharge was causally related to his [pursuit of] a claim under the [IWCA]." *Phillips v. Cont'l Tire*, 743 F.3d 475, 477 (7th Cir. 2014).  A decision to terminate based on misleading or incomplete information does not amount to retaliation.  *Horton v. Miller Chem. Co*., 776 F.2d 1351, 1359 (7th Cir.1985).  Retaliatory motive, not just "sloppy personnel practices," is necessary to prove causation.  *Beatty v. Olin Corp.*, 693 F.3d 750, 754 (7th Cir. 2012).

In the case at bar, Plaintiff has not provided any evidence of a retaliatory motive based on his potential IWCA claim.  While he did contact a supervisor regarding his doctor's recommendation that he not return to work, there is no evidence that the person responsible for making the decision to terminate Plaintiff, Ms. Kathleen Richmond, did not have any knowledge

of Plaintiff's potential IWCA claim. The evidence before the Court indicates that she was adhering to established company policies in terminating Plaintiff. Further, Plaintiff has offered no evidence to show that any other person with knowledge of Plaintiff's potential IWCA claim was responsible for the decision to terminate his employment. Even if the termination was based on incomplete or misleading information regarding Plaintiff's medical status, this does not show causation. Furthermore, while the failure to communicate regarding Plaintiff's medical situation may amount to "sloppy personnel practices," as in *Beatty*, this is insufficient to show a retaliatory motive. Accordingly, Plaintiff has not presented sufficient evidence creating a genuine issue of material fact as to the cause of his termination, and Defendant's Motion for Summary Judgment must be granted.

The Court **GRANTS** Defendant's Motion for Summary Judgment (Doc. 26) with respect to Counts I and II. As no further counts remain pending, the Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 5, 2015**

/s/      Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**